# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAYOBANEX VASQUEZ NUNEZ, | ) | |
| | ) | Case No. 3:26-cv-00491 |
| *Petitioner*, | ) | |
| | ) | District Judge Stephanie L. Haines |
| v. | ) | |
| | ) | |
| LEONARD ODDO, *et al.*, | ) | |
| | ) | |
| *Respondents.* | ) | |
| | ) | |
| | ) | |

## ORDER

**AND NOW** this 13th day of May, 2026, and for the reasons stated by this Court in *Calzado Diaz v. Noem*, No. 3:25-cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025), *vacated as moot*, ECF No. 22 (Dec. 17, 2025) ("[T]he Court stresses that the general legal conclusions in the Court's Opinion at ECF No. 16 regarding the application of §§ 1225 and 1226 remain unchanged by this Memorandum Order."), it is hereby **ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED** to the extent it seeks an individualized bond hearing before an immigration judge.[1]

2. The Government is directed to provide Petitioner with the statutory process required under 8 U.S.C. § 1226(a), which includes a bond hearing.

3. The Court recognizes that Petitioner alleges that an immigration judge granted his application for adjustment of status to lawful permanent resident and that the Government has appealed that decision to the Board of Immigration Appeals. The Court does not

---

[1] For reasons the Court has previously articulated, the entire relief it intends to afford individuals whom the Government is detaining under § 1225, and whom the Court finds are instead detained under § 1226(a) is "a bond hearing . . . but no more." *Calzado Diaz*, 2025 WL 3628480, at *8.

resolve the merits of the Government's appeal or determine Petitioner's ultimate immigration status in this habeas proceeding. But the IJ's grant of adjustment and the pendency of the Government's appeal are relevant to the custody inquiry, including Petitioner's incentive to appear, likelihood of future removal, and whether continued detention is justified. Accordingly, those matters shall be considered at the individualized bond hearing ordered herein.

4. The Government shall arrange for an individualized bond hearing to be conducted by an immigration judge by <u>Wednesday, May 20, 2026</u>.

5. If Petitioner is not provided with a bond hearing by <u>Wednesday, May 20, 2026</u>, or if the immigration judge declines jurisdiction or denies eligibility for a bond hearing based on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025), or the statutory interpretation of Section 1225(b)(2) that this Court has rejected, Respondents shall immediately release Petitioner from custody.

6. If Petitioner is granted bond and the Government appeals the immigration judge's decision on the basis that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2), then, upon notification to this Court, the writ shall issue and Petitioner shall be automatically released from custody.

7. The parties shall provide notice to the Court of the outcome of the individualized bond hearing within seven days of the date of the immigration judge's decision.

8. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

2

Stephanie L. Haines
United States District Judge


Cc:    Counsel of record
       (Via CM/ECF electronic mail)

3